# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN BOTEY, | : | |
| Plaintiff | : | |
| v. | : | 3:12-CV-1520 |
| | : | (JUDGE MARIANI) |
| ROBERT GREEN, et al., | : | |
| Defendants | : | |

## MEMORANDUM OPINION

Presently before the Court are Plaintiff's following motions in limine:

1. Motion to Preclude Inadmissible Lay Opinion Testimony (Doc. 181);

2. Motion to Preclude the Testimony and Opinions of Defendants' Expert Steven W. Rickard (Doc. 193).

The Court will address each request in turn. Before doing so, however, the Court notes at the outset that it exercises its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir.1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). While motions in limine may serve as a useful pretrial tool that enables a more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012) (citing *Japanese Elec. Prods.*, 723 F.2d at 260).

"[M]otions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemetech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). Specifically, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis original). Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

With these principles in mind, the Court now turns to Plaintiff's motions.

### 1. Motion to Preclude Inadmissible Lay Opinion Testimony (Doc. 181)

In Plaintiff's "Motion to Preclude Inadmissible Lay Opinion Testimony" (Doc. 181), Plaintiff seeks to preclude Derek Strauss and Gurjit Sanghera, "two individuals who allegedly witnessed the subject accident", "from offer[ing] any opinion testimony regarding who [each person] believes was at fault for the subject accident." (Doc. 182, at 2, 3). Plaintiff also seeks to preclude Strauss from "offering any opinion or testimony regarding the

2

speed of Plaintiff's vehicle" as well as "any opinion testimony regarding how long Defendant Green's tractor-trailer was on the roadway prior to impact." (Doc. 182, at 5).

Pursuant to Federal Rule of Evidence 701, the opinion testimony of a witness who is not testifying as an expert is limited to one that is (1) "rationally based on the witness's perception", (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue", and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702", which governs testimony by an expert witness. Fed. R. Evid. 701.

With respect to Sanghera, Plaintiff objects to the following exchange from Sanghera's Recorded Statement:

> **Q.** And in your opinion, you know, from being a witness and seeing the accident who's [sic] fault would you think the accident was?
>
> **A.** I have been driving from 2004. I've been driving trucks. All I can say is it's the car driver's fault because even, even let's say even truck driver he didn't see him, but car driver did see the big truck, big rig coming through the road, you know, coming to the building. Why he not stop?

(Recorded Statement of Gurjit Sanghera, at 8).

Plaintiff asserts that Sanghera is not qualified to offer any opinion regarding who was at fault for the accident and thus Sanghera's statement is inadmissible because "[s]uch opinion testimony requires specialized knowledge, training, and experience and is not within the realm of acceptable lay witness testimony." (Doc. 182, at 4). While Defendants filed a brief in response to Plaintiff's motion, it does not address the propriety of Sanghera's statement. (*See generally*, Doc. 208).

3

The Court will defer ruling on Plaintiff's request with respect to Sanghera until such time as it has heard Sanghera's testimony and has more context for the aforementioned statement. Here, Sanghera was a witness to the accident. Sanghera's opinion, based on "being a witness and seeing the accident", on the issue of what occurred in the instant case is arguably rationally based on his perception and personal observations and helpful to clearly understanding his testimony and determining a fact in issue. While it is ultimately for a jury to determine whether Botey saw, or should have seen, Green's truck, if Botey could have prevented the accident in some way, and whether Green was fully negligent in his actions or if Botey contributed to, or was fully, responsible for the accident at issue, if Sanghera's opinion as to fault is supported by his personal observations and perception, his opinion will be deemed admissible.

With respect to Strauss, Plaintiff takes exception to the following exchange during Strauss' Recorded Statement.

> Q. . . . In your opinion you know, as witnessing the accident, did you have any opinion on whose fault the accident was or what happened?
>
> A. It would truly be opinion in that I think [what] happened was the driver of the Bravada was distracted in some way.
>
> Q. Okay.
>
> A. Because there was, as I said, no attempt to brake, no attempt to turn, and in my uneducated guess, he was not doing the speed limit, he was over the speed limit.

(Recorded Statement of Derek Strauss, at 7).

As with Sanghera, Plaintiff asserts that Strauss is not qualified to offer any opinion regarding who was at fault for the accident and thus Strauss' first statement is inadmissible because "[s]uch opinion testimony requires specialized knowledge, training, and experience and is not within the realm of acceptable lay witness testimony." (Doc. 182, at 4). However, Plaintiff mischaracterizes the substance of Strauss' statement. Strauss, who testified that he witnessed the accident, does not actually opine as to fault. Rather, he states his observations of what he saw, namely that Botey appeared "distracted in some way", did not attempt to brake or turn, and was speeding. Furthermore, Strauss' statement goes to his personal observations and perception of the accident; it does not attempt to offer any information which could be considered scientific, technical, or otherwise specialized. Although Plaintiff's objection to Strauss' opinion appears to largely be based on Strauss' statement that Botey was "distracted in some way", whether a person is distracted is well-within a lay observer's ability to perceive; it does not require any specialized knowledge or training. Thus, whether Strauss is correct in his assertions and personal observations does not go to the admissibility of his statements, but rather to the weight and credibility of his testimony on those issues, which can be questioned during cross-examination. To the extent that Defendants attempt to elicit a specific opinion by Strauss as to fault, the Court will reserve ruling on Plaintiff's motion to preclude such an opinion until trial, at which time Plaintiff is expected to make a timely objection.

5

Plaintiff also asserts that Strauss' statement that "in my uneducated guess, he was not doing the speed limit, he was over the speed limit" should be precluded because Strauss admitted that he did not know how fast Botey's vehicle was traveling and that Strauss' opinion that Botey was speeding is "mere speculation and conjecture." (Doc. 182, at 5) (*see* Dep. of Strauss, at 78 ("Q. . . . [Y]ou don't know how fast the car was going? A. No. I was never good at judging a vehicle's speed, especially that fast.").

In response, Defendants argue that

> [u]nder Pennsylvania law, a lay witness may express an opinion about the speed of the automobile. *Bradley v. O'Donghue*, [2005 WL 697466, at *3 (E.D.Pa. 2005)] (applying Pennsylvania law). Also, in Pennsylvania, lay witnesses are permitted to testify regarding vehicle speed generally without the need for precise accuracy in stating the speed witnessed. *Melgar v. Weinstein*, [2014 WL 2177891 (M.D.Pa. 2014)] (citing *Finnerty v. Darby*, 138 A.2d 117, 122 (1958) where [the] Pennsylvania Supreme Court held that the testimony of a witness estimating the speed of a vehicle was admissible despite the fact that the witness qualified his numerical estimate, stating it "strictly as a guess.").

(Doc. 208, at 4-5).

The Court will reserve ruling on this point. Strauss' testimony that Botey was "over the speed limit" and that the car was going "fast", is clearly rationally based on Strauss' perception and may prove helpful to the trier of fact. However, once again, the Court will need to hear the testimony by Strauss leading to these observations and opinions prior to determining whether the testimony is purely speculative.

Finally, Plaintiff argues that Strauss "must be precluded from offering any opinion testimony regarding how long Defendant Green's tractor-trailer was on the roadway prior to

6

the incident." (Doc. 182, at 5). Specifically, Plaintiff notes the following exchange during Strauss' deposition:

> **Q**: And how long after [Green] pulled out from the driveway, once his nose of his tractor breached that threshold of the driveway, how long after that did the accident occur?
>
> **A**: Five to seven seconds, ballpark. To make a left-hand turn, a loaded tractor-trailer, it's 14 plus seconds to make a left-hand turn from a dead stop. If nothing goes wrong, missing a gear, a car cutting you off, whatever, 14 seconds minimum. So I would say it's five to seven seconds from the edge of the driveway to the point of impact. That's about how much time elapsed.

(Dep. of Strauss, at 33).

Plaintiff notes that Strauss is a professional truck driver, but that he is not an engineer or accident reconstructionist and has "no specialized knowledge, training, or experience that would qualify him to opine on the amount of time it would take a loaded tractor trailer to make a left-hand turn". Further, Plaintiff contends that Strauss "lacks any factual support [to] make such a conclusion" and that his opinion is not based on his personal observations. (Doc. 182, at 6-7).

Despite Plaintiff's assertions to the contrary, Strauss' testimony regarding how long Green's tractor was on the roadway prior to the incident is admissible. Strauss has been driving trucks for seven years and was driving a truck on the day of the accident. (*See* Recorded Statement of Strauss, at 2; Dep. of Strauss, at 22-23). He further stated that he was familiar with the area where the accident happened. (Recorded Statement of Strauss, at 2). He remembered that Green came to a complete stop before he exited the truck stop

7

and saw Green's brake lights and turn signal. (*See* Dep. of Strauss, at 25-26; *see also*, Recorded Statement of Strauss, at 5). Strauss also testified that he saw the accident occur and he identified where the truck was at the time of impact. (Dep. of Strauss, at 26-29). In light of Strauss' experience driving trucks, his familiarity with the area and road upon which the accident took place, and his testimony that he personally observed Green stop, then move forward at "not more than 5 or 10 miles an hour" (*see* Recorded Statement of Strauss, at 5), and his personal observation of the truck's location on the road when the incident occurred, it is well-within Strauss' ability to opine that "it's five to seven seconds from the edge of the driveway to the point of impact." This statement is a specific reference to the driveway at the truck-stop and the point of impact which Strauss personally observed. Placed in context, Strauss' statement which Plaintiff argues should be precluded, is not generalized, is based on factual support and personal observations, and can also be said to be supported by Strauss' experience as a truck driver who is familiar with the area where the incident occurred. Strauss' testimony is therefore rationally based on his perception of the incident and the events leading up to the incident, is helpful to determining a fact in issue, and is not based on scientific, technical, or other specialized knowledge within the scope of an expert's exclusive purview. Plaintiff's objections to Strauss' testimony on this issue once again goes to the weight of the evidence and the credibility of the witness, and presents issues which Plaintiff is free to explore during cross-examination.

For the sake of clarity, the Court will allow testimony from both Sanghera and Strauss that presents each person's account of what each saw regarding the accident in question, from the beginning of each's observation, during the time period within which the accident occurred, through the time of the actual collision of Plaintiff's and Defendant's vehicles, and thereafter.

However, for the aforementioned reasons, the Court will reserve ruling on whether Sanghera and Strauss will be precluded from offering opinion testimony as to fault for the accident at issue and whether Strauss will be precluded from offering opinion testimony as to the speed of Plaintiff's vehicle. However, Strauss will be permitted to testify as to why he believes the accident occurred as well as offer testimony as to how long Green's tractor-trailer was on the roadway prior to impact.

### 2. Motion to Preclude the Testimony and Opinions of Defendants' Expert Steven W. Rickard (Doc. 193)

Plaintiff's motion in limine requests that Defendants' expert Steven W. Rickard be precluded "from reiterating Derek Strauss' inadmissible lay opinions." (Doc. 194, at 3). Plaintiff argues that because, in his opinion, Strauss should be precluded from testifying that Plaintiff was distracted at the time of the accident, Rickard must be precluded from "reciting Mr. Strauss' conclusions regarding how the subject accident occurred and who he determined to be at fault." (Doc. 194, at 4).

Because this Court has determined that Strauss' statement opining that Botey was distracted at the time of the accident is admissible, the Court will not preclude Rickard from "reiterating" Strauss' opinion. Plaintiff's motion will therefore be denied.

## 3. Conclusion

For the foregoing reasons, Plaintiff's Motions (Docs. 181, 193) will be decided as set forth in this Memorandum Opinion. A separate Order follows.

Robert D. Mariani
United States District Judge