THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JONATHAN BOTEY, :
:
      **Plaintiff** :
v. : 3:12-CV-1520
: (JUDGE MARIANI)
ROBERT GREEN, et al., :
:
      **Defendants** :

## MEMORANDUM OPINION

Presently before the Court are Plaintiff's following motions in limine:

1. Motion to Preclude Irrelevant Personal Matters of Plaintiff, Jonathan Botey (Doc. 189);

2. Motion to Preclude Irrelevant Personal Matters of Maria Isabelle Lopez-Lake (Doc. 183);

3. Motion to Preclude Testimony of Trooper Joseph H. Nalepa Regarding Accident Reconstruction and the Cause of the Subject Accident (Doc. 179);

4. Motion to Preclude Defendants from Introducing Evidence or Making Comments or Argument Regarding any Adverse Effect of the Accident on Defendants and/or a Verdict Against the Defendants (Doc. 187).

The Court will address each request in turn. Before doing so, however, the Court notes at the outset that it exercises its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir.1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). While motions in limine may serve as a useful pretrial tool that enables a more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity."

*Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012) (citing *Japanese Elec. Prods.*, 723 F.2d at 260).

"[M]otions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemetech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). Specifically, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis original). Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

With these principles in mind, the Court now turns to Plaintiff's motions.

### 1. Motion to Preclude Irrelevant Personal Matters of Plaintiff, Jonathan Botey (Doc. 189)

Plaintiff requests that the Court preclude the following information, which he deems to be "irrelevant personal matters of Plaintiff":

- Childhood injuries such as fractured ribs, fractured arm, fractured ankles, broken wrist, fractured foot;
- Diagnosis of sleep apnea;

2

- Childhood epilepsy and seizures;
- Diagnosis of asthma;
- Diagnosis of attention deficit disorder.

(Doc. 190, at 5-6).

Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise provided by the Constitution, federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.

It is not at all clear how the information Plaintiff seeks to preclude is irrelevant. Plaintiff claims that the "only use of such evidence is to distract the jury into questions concerning Plaintiff's general state of health *at the time of the subject collision*." (Doc. 190, at 5) (emphasis added). Plaintiff's assertion is wrong. As discussed in this Court's Opinion addressing Plaintiff's Motion to Preclude portions of Dr. Schretlen's report and testimony, Plaintiff has placed the cause of his current physical and cognitive difficulties at issue. The evidence Plaintiff seeks to preclude is probative to a determination of Plaintiff's physical and cognitive abilities both *before* and *after* the accident, and to a jury's determination of what harm, if any, resulted from the accident. In addition to causation, the medical history is also

3

relevant to Plaintiff's claims of damages, and in particular, Plaintiff's claims of lost wages, diminished earning capacity, and medical costs.

Plaintiff's motion will therefore be denied.

### 2. Motion to Preclude Irrelevant Personal Matters of Maria Isabelle Lopez-Lake (Doc. 183)

Plaintiff also moves to preclude testimony by Maria Isabelle Lopez-Lake, his mother, "that she had a subjective belief that she was experiencing memory issues in 2014" and that she was diagnosed with colitis and mild depression. (Doc. 184, at 4, 6).

With respect to Lopez-Lake's memory issues, such evidence will be permissible in cross-examination solely for the purpose of aiding the jury in determining the witness' credibility. See Fed. R. Evid. 601 advisory committee's note ("Interest in the outcome of litigation and mental capacity are, of course, highly relevant to credibility and require no special treatment to render them admissible along with other matters bearing upon the perception, memory, and narration of witnesses."). However, assuming that Plaintiff is correct that none of Defendants' experts opine that Botey's cognitive issues are the cause of a genetic disorder (Doc. 184, at 5), and because Defendants did not file a brief in opposition to this motion, the Court will preclude any reference to Lopez-Lake's memory issues as genetic and therefore the cause, or part of the cause, of Botey's asserted memory problems.

4

With respect to Lopez-Lake's colitis and mild depression, once again no evidence has been currently placed before this Court to demonstrate how these conditions are relevant, or related, to Botey's claims. This information will thus be precluded.

Plaintiff's motion will therefore be granted in part and denied in part as explained above. However, should Defendants, at trial, produce evidence or appropriate testimony demonstrating a nexus between any of Lopez-Lake's medical conditions and Botey's medical conditions, the Court will review such evidence and consider revising this ruling. See Ohler v. United States, 529 U.S. 753, 758 n.3 (2000) ("*in limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.").

### 3. Motion to Preclude Testimony of Trooper Joseph H. Nalepa Regarding Accident Reconstruction and the Cause of the Subject Accident (Doc. 179)

Plaintiff requests that Trooper Nalepa be precluded from testifying as to how the accident at issue occurred or who he believes was at fault and/or caused the accident. Plaintiff argues this is appropriate because Nalepa did not witness the accident and lacks the requisite training, experience, and specialized knowledge to provide testimony as to how the accident happened or to act as an accident reconstructionist. (Doc. 180, at 3-5).

Although Defendants did not file a brief in opposition to Plaintiff's Motion, the Court first notes that Defendants' Pre-Trial Memorandum indicates that Nalepa will be called as a lay witness, not necessarily as an expert. (*See* Doc. 258, at 3-6).

Pursuant to Federal Rule of Evidence 701, the opinion testimony of a witness who is not testifying as an expert is limited to one that is (1) "rationally based on the witness's

5

perception", (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue", and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702", which governs testimony by an expert witness. Fed. R. Evid. 701.

The Third Circuit recently explained the contours of Rule 701 as follows:

Rule 701 means that a witness is only permitted to give her opinion or interpretation of an event when she has some personal knowledge of that incident. The objective of such testimony is to put "'the trier of fact in possession of an accurate reproduction of the event.'" In other words, "lay opinion testimony is permitted under Rule 701 because it has the effect of describing something that the jurors could not otherwise experience for themselves by drawing upon the witness's sensory and experiential observations that were made as a first-hand witness to a particular event.'" This rule recognizes the reality that "eyewitnesses sometimes find it difficult to describe the appearance or relationship of persons, the atmosphere of a place, or the value of an object by reference only to objective facts." Accordingly, it permits witnesses "to testify to their personal perceptions in the form of inferences or conclusory opinions."

Importantly, the rule is carefully designed to exclude lay opinion testimony that "amounts to little more than choosing up sides, or that merely tells the jury what result to reach." Courts have recognized that this Rule does represent "'a movement away from ... courts' historically skeptical view of lay opinion evidence,' and is 'rooted in the modern trend away from fine distinctions between fact and opinion and toward greater admissibility.'" Nonetheless, it seeks to protect against testimony that usurps the jury's role as fact finder. While opinion testimony that "embraces an ultimate issue" to be decided by the trier of fact is not *per se* inadmissible, such testimony is barred when its primary value is to dictate a certain conclusion. "[T]he purpose of the foundation requirements of the federal rules governing opinion evidence is to ensure that such testimony does not so usurp the fact-finding function of the jury."

*U.S. v. Fulton*, 837 F.3d 281, 291-292 (3d Cir. 2016).

Having not heard any evidence in this action, including the testimony of Trooper Nalepa or his qualifications, the Court is not currently in a posture to fully rule on Plaintiff's motion. To the extent that Trooper Nalepa is offered only as a lay witness, he may testify about what he saw on the day of the accident, the full scope of his investigation, and provide appropriate lay witness opinions which are rationally based on his perception and personal knowledge of the accident. However, should Nalepa not be offered as an expert witness, he may be precluded from offering testimony as to his conclusions regarding fault of the parties due to the lack of proper expert qualifications to offer such an opinion as well the risk that such testimony would "amount[] to little more than choosing up sides" or "merely tell[] the jury what result to reach." *Fulton*, 837 F.3d at 291. *See also, Duhon v. Marceaux*, 33 F.App'x 703 (5th Cir. 2002) ("It is undisputed that [the police officer] was not qualified to testify as an expert in accident reconstruction and that he did not witness the accident. As a general rule, police officers' lay opinions as to the cause of an automobile accident formed by viewing subsequent evidence at the scene are excluded under Rule 701. *See* 38 A.L.R.2d 13 § 22; *Ernst v. Ace Motor Sales, Inc.*, 550 F.Supp. 1220, 1223 (E.D.Pa. 1982), *aff'd without op.*, 720 F.2d 661 (3d Cir. 1982)(officer's lay opinion testimony was admissible only to the extent that it pertained to the point of impact).").

Accordingly, all specific objections to Nalepa's testimony are deferred until the time of trial.

### 4. Motion to Preclude Defendants from Introducing Evidence or Making Comments or Argument Regarding any Adverse Effect of the Accident on Defendants and/or a Verdict Against the Defendants (Doc. 187)

Plaintiff's motion in limine rests on his *anticipation* that "the Defendants *may* seek to introduce evidence, argument, or comments" on the following:

- "that the accident had an adverse effect on Defendants . . . or their business;"
- "any adverse effect a verdict against the Defendants may have on them;"
- "effect of a verdict for the Plaintiff on insurance rates."

(Doc. 188, at 3) (emphasis added).

Plaintiff's contentions as to what Defendants may try to argue are speculative, at best, and Plaintiff cites no specific case law that addresses the law as it relates to any of the aforementioned concerns.[1] In turn, Defendants did not file a brief in opposition, so the Court is further left to speculate as to whether they even intend to attempt to introduce evidence or reference any of Plaintiff's areas of concern.

Thus, Plaintiff's motion is premature and will be denied without prejudice. If Plaintiff believes at the appropriate time of trial that Defendants are attempting to introduce evidence or make comments or arguments in violation of the Rules of Evidence, Plaintiff shall timely object and set forth the specific basis for such objection.

---

[1] Plaintiff's brief cites to only one case, *Bhaya v. Westinghouse Elec. Corp*, 922 F.2d 184, 188 (3d Cir. 1990) for the general proposition set forth in that case that "[e]vidence that a party committed wrongs other than those at issue in a case often creates a danger of 'unfair prejudice' because such evidence may influence a jury to return a verdict based on a desire to punish for the other wrongs." (Doc. 188, at 5).

## 5. Conclusion

For the foregoing reasons, Plaintiff's Motions (Docs. 189, 183, 179, 187) will be decided as set forth in this Memorandum Opinion. A separate Order follows.

Robert D. Mariani
United States District Judge