# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN BOTEY, | : |
| Plaintiff | : |
| v. | : 3:12-CV-1520 |
| | : (JUDGE MARIANI) |
| ROBERT GREEN, et al., | : |
| Defendants | : |

## MEMORANDUM OPINION

Presently before the Court are Defendants' following motions in limine:

1. Motion in Limine to Preclude any use of Tommy Dodd's and Mark Rhea's Video Deposition to Support an Inference, Opinion or Diagnosis of Dementia or that FFE Employed Unsafe Drivers (Doc. 152)

2. Motion in Limine to Preclude any use of Tommy Dodd's Lay Testimony to Support an Inference, Opinion or Diagnosis of Dementia (Doc. 158)

3. Motion in Limine to Preclude any Testimony, Reference or Inference of Defendant, Robert D. Green's Medical Condition at Present Time, or Reference to him Being Diagnosed with Dementia (Doc. 174)

4. Motion in Limine to Preclude any Inference, Evidence, or Testimony that Defendant, Robert D. Green, was "Off Route" in any of the Days Leading up to the Accident (Doc. 172)

The Court will address each request in turn. Before doing so, however, the Court notes at the outset that it exercises its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir.1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). While motions in limine may

serve as a useful pretrial tool that enables a more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012) (citing *Japanese Elec. Prods.*, 723 F.2d at 260).

"[M]otions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemetech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). Specifically, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis original). Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

With these principles in mind, the Court now turns to Defendants' afore-listed motions.

2

## 1. Motion in Limine to Preclude any use of Tommy Dodd's and Mark Rhea's Video Deposition to Support an Inference, Opinion or Diagnosis of Dementia or that FFE Employed Unsafe Drivers (Doc. 152)

Defendants assert that Plaintiff should be precluded from offering Dodd's video testimony to support an inference, opinion or diagnosis of dementia. Specifically, Defendants argue that the video testimony "cannot be used to refer, opine, or infer" that Green had dementia and "should be excluded because it is irrelevant" and that the use of Dodd's video testimony to support an inference or opinion of Green's current medical condition or dementia diagnosis should be excluded because its probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, or misleading the jury. (Doc. 153, at 5, 7).

Defendants further argue that the use of Rhea's testimony "to infer FFE employed unsafe drivers should be excluded because its probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues or misleading the jury." (Doc. 153, at 8).

Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible and relevant evidence is admissible unless otherwise provided by the Constitution, federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially

3

outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Even if the Court deems the relevant evidence to be admissible, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

The Court does not interpret Defendants' motion as requesting that the testimony of Dodd itself be precluded, and Dodd's testimony, itself, based as it is on Dodd's experience as Green's trainer, is clearly admissible. As far as the use of Dodd's testimony to support an expert opinion, it may be used for that purpose in accordance with Rule 703. However, Dodd himself will not be permitted to give an opinion as to whether Green had or showed signs of dementia. Indeed, a review of Dodd's testimony does not reveal any direct references to dementia. Further, Plaintiff admits that Dodd, does not, and will not testify that Defendant Green had dementia. (Doc. 211, at 4).

Thus, Defendants' motion is entirely without merit.[1] Dodd's testimony of his personal observations of Green during his training and what he conveyed to his superiors at the company is highly relevant and probative to each of the claims in this action, including the negligence claim against Green and the corporate negligence claim against FFE and

---

[1] In the event that Dr. Gill is not permitted to testify, Dodd's testimony will still be admissible, but Plaintiff will be precluded from arguing, expressly or by implication, that Dodd's testimony demonstrates, or can be used by the jury to infer, that Green was suffering from dementia at the time of the accident.

4

Conwell, and will be of significant use in aiding the jury to clearly understand his own testimony as well as determining multiple facts at issue.[2]

With respect to Rhea, Defendants argue that the "probative value of using Mr. Rhea's video testimony to infer FFE employed unsafe drivers is substantially outweighed by the dangers of unfair prejudice, confusion of the issues or misleading the jury" and that "Plaintiff seeks to infer that Green had dementia employment [sic] and FFE knew, or should have known, that FFE employed a mentally impaired or and/or [sic] deficient driver." (Doc. 153, at 9).

The exact nature of Defendants' request is unclear. Rhea, as Director of Driver Resources (Dep. of Rhea, at 13), is certainly able to offer any testimony he has based on his personal knowledge and observations as to FFE's practices. To the extent that Plaintiff has experts who rely on this testimony in forming their opinions on FFE's practices, this is permissible. It is Plaintiff's burden to produce the appropriate evidence and testimony to establish the manner in which Rhea's testimony demonstrates that FFE employed "unsafe drivers".

Furthermore, Defendants fail to set forth any evidence demonstrating how Rhea's testimony creates unfair prejudice, misleads the jury, or confuses the jury. The testimony

---

[2] The Court notes that Defendants state that they "have never opposed the use of Mr. Dodd's testimony" on the grounds that they may demonstrate "poor driving habits" by Green, acknowledging that testimony such as Green having difficulty making left turns, not checking for traffic, and not having an awareness of his surrounding are all based on Dodd's observations. (Doc. 246, at 2).

goes to FFE's business, hiring, and training practices, all of which are highly relevant to a jury's determination of FFE's liability in this action.

Accordingly, Defendants' motion will be denied for the reasons set forth above.[3]

## 2. Motion in Limine to Preclude any use of Tommy Dodd's Lay Testimony to Support an Inference, Opinion or Diagnosis of Dementia (Doc. 158)

Defendants request that Plaintiff be precluded at trial from offering Dodd's "lay testimony to support an expert inference, opinion or diagnosis of dementia." (Doc. 159, at 4). Defendants argue that testimony, reference, opinion, or inference of Green's diagnosis is irrelevant and the probative value of any such testimony, reference, opinion, or inference is substantially outweighed by the dangers of unfair prejudice, confusing the issues, or misleading the jury. (Doc. 159, at 5, 6).

For the reasons discussed above with respect to Defendants' "Motion in Limine to Preclude any use of Tommy Dodd's and Mark Rhea's Video Deposition to Support an Inference, Opinion or Diagnosis of Dementia or that FFE Employed Unsafe Drivers" (Doc. 152), Defendants' motion will be denied.

---

[3] The Court cautions Plaintiff that the following argument in his brief in opposition to Defendants' motion is inappropriate and any attempt to make such argument will be subject to timely objection at trial:
> Defendant Green should have realized that he was experiencing cognitive difficulties making it unsafe for him to operate a tractor-trailer. Likewise, if Defendant Green was experiencing symptoms of dementia prior to the subject collision and during his training by FFE and Conwell, Defendant FFE and Conwell, while they may not have known that Defendant Green had dementia, they still knew or should have known that something was wrong.

(Doc. 211, at 7; *see also*, Doc. 212, at 6). At this time there appears to be nothing but Plaintiff's counsel's unsupported subjective opinion, that Green knew, or should have known, that he was experiencing cognitive difficulties which would directly impair his ability to drive, or that FFE and Conwell, should have known "that something was wrong" from a medical perspective.

6

3. **Motion in Limine to Preclude any Testimony, Reference or Inference of Defendant, Robert D. Green's Medical Condition at Present Time, or Reference to him Being Diagnosed with Dementia (Doc. 174)**

Defendants move to preclude any testimony, reference or inference of Defendant Green's medical condition at the present time, or reference to him being diagnosed with dementia (Doc. 174). Defendants assert that testimony, reference or inference of Green's current medical condition or his diagnosis of dementia should be excluded because it is irrelevant and its probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, or misleading the jury. (Doc. 175, at 6, 9).

The Court will reserve ruling on this motion. Should the Court grant Defendants' motion to preclude the testimony of Dr. Gill, Defendants may renew this motion.

4. **Motion in Limine to Preclude any Inference, Evidence, or Testimony that Defendant, Robert D. Green, was "Off Route" in any of the Days Leading up to the Accident (Doc. 172)**

Defendants argue that Plaintiff should be precluded from offering any evidence, testimony, or inference, that Green was "off route" on any of the days prior to the accident because it would be "immaterial and irrelevant, or [ ] otherwise substantially outweighed by a danger of unfair prejudice, confusing the issues or misleading the jury." (Doc. 173, at 5). In particular, Defendants appear concerned that off-route evidence will be used to help establish that Green was suffering from dementia at the time of the accident. (*See generally*, Doc. 173).

7

Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible and relevant evidence is admissible unless otherwise provided by the Constitution, federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Even if the Court deems the relevant evidence to be admissible, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

Defendants contend that the fact Green did not take the most direct route from Oakridge, Tennessee to Hazelton, Pennsylvania "does not tend to establish that Green was suffering from dementia at the time of the accident, or even more, that Defendants were in any way negligent for the subject accident." (Doc. 173, at 6). Similarly, Defendants further state that they are "unfairly prejudiced because the events that transpired in the days before the accident bear no relation on the accident itself." (Doc. 173, at 12).

In response, Plaintiff argues that evidence that Green was "off route" "is not only relevant to the issue of Defendant's cognitive impairment" but also to "the corporate Defendants' lack of supervision of Defendant Green in operating his truck" and to show that "the corporate Defendants knew or should have known that Defendant Green continued to

8

engage in unsafe and inappropriate driving habits that were well documented during his training." (Doc. 217, at 4-5).

The Court rejects Plaintiff's first argument. As Defendants note, none of Plaintiffs' experts mention or discuss Green being "off route" or what significance, if any, this has on the accident. (Doc. 173, at 7-8, 10-11). Because Plaintiff has offered no evidence or testimony linking the allegation that Green was "off route" to his purported cognitive impairments in May, 2011, evidence of Green being "off route" serves no purpose other than to allow the jury to speculate, without any basis, that Green's route may have been the result of dementia.

Plaintiff's assertion that evidence that Green was off-route is relevant to the corporate Defendants' "lack of supervision of Defendant Green in operating his truck" and to show that "the corporate Defendants knew or should have known that Defendant Green continued to engage in unsafe and inappropriate driving habits that were well documented during his training" (Doc. 217, at 4-5) is also without merit. Plaintiff alleges that "evidence of these Defendants' knowledge of Defendant Green's unsafe and inappropriate driving practices prior to the subject collision is indisputably relevant to the issues presented in the instant action." (Id. at 5). However, Plaintiff has not set forth any evidence in his brief in opposition to Defendants' motion to support the contention that Defendant Green's route was "unsafe" or "inappropriate." Once again, the jury will be left to speculate as to why Defendant Green did not take the most direct route from Oakridge, Tennessee to Hazelton,

9

Pennsylvania. Furthermore, the preclusion of this evidence avoids a trial within a trial on a collateral matter.

As a result, the evidence Plaintiff seeks to introduce is of little probative value and any value it has is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.

Because the Court finds that any evidence, testimony, or inference that Green was "off route" on any of the days prior to the accident is, at best, minimally relevant to the issues in this action, would force the jury to engage in pure speculation on a number of questions, and is barred by Rule 403, Defendants' motion will be granted.

### 5. Conclusion

For the foregoing reasons, Defendants' Motions (Docs. 152, 158, 174, 172) will be decided as set forth in this Memorandum Opinion. A separate Order follows.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge