THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JONATHAN BOTEY, :
:
    **Plaintiff** :
v. : 3:12-CV-1520
: (JUDGE MARIANI)
ROBERT GREEN, et al., :
:
    **Defendants** :

## MEMORANDUM OPINION

Presently before the Court are Defendants' following motions in limine:

1. Motion in Limine to Preclude the Use of Demonstrative Evidence Showing Plaintiff's Facial Injuries (Doc. 170);

2. Motion in Limine to Preclude Improper "Reptile Theory" Tactics (Doc. 166);

3. Motion in Limine to Preclude Plaintiff, his Counsel, Witnesses and any Experts from Referring to Robert Green as a "Professional Driver" and Further Precluding those Individuals from Stating or Inferring that Robert Green or any Commercial Motor Vehicle Driver is Subject to an Increased or Higher Standard of Care (Doc. 176).

The Court will address each request in turn. Before doing so, however, the Court notes at the outset that it exercises its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir.1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). While motions in limine may serve as a useful pretrial tool that enables a more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity."

*Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012) (citing *Japanese Elec. Prods.*, 723 F.2d at 260).

"[M]otions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemetech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). Specifically, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis original). Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

With these principles in mind, the Court now turns to Defendants' afore-listed motions.

### 1. Motion in Limine to Preclude the Use of Demonstrative Evidence Showing Plaintiff's Facial Injuries (Doc. 170)

Defendants move to preclude the use of demonstrative or illustrative evidence of Plaintiff's facial injuries. Defendants argue that "the probative value of the photographs depicting plaintiff's facial injuries is . . . substantially outweighed by the danger of unfair

2

prejudice" and the probative value of the photographs "is extremely limited in that there is no dispute that Mr. Botey suffered some facial injuries as a result of this accident." (Doc. 171, at 5). Instead, Defendants contend that "there is a tremendous danger that the graphic nature of the photographs will have an emotional and inflammatory effect on the jury." (*Id.*). Defendants further assert that there is no qualified witness to "describe the process behind [the] making" of the images and Plaintiff cannot authenticate that the images "are what they purport to be, as required under Fed. R. Evid. 901." (*Id.* at 6).

In support of their motion, Defendants have attached (1) images depicting Botey's facial injuries in bone view; (2) traditional CT and authentic 3D CT images depicting injuries to plaintiff's teeth and the minimal nasal fracture; (3) soft tissue view of Botey's injury "along the groove that separates the two hemispheres of the vertebrate brain"; and (4) traditional CT and authentic 3D CT images of Botey's "subtle high attenuation suspicious for minimal acute Subarachnoid Hemorrhage along the Interhemispheric Fissure." (*See* Doc. 171, at 5-6, Ex. A-E). The Court has reviewed each of the images at issue.

The Court will reserve ruling on Defendants' motion to preclude the aforementioned images. Although the Court disagrees that the images provided by Defendants are of such a "graphic nature" as to create "an emotional and inflammatory effect on the jury",[1] at this time, prior to hearing any testimony, the Court is unable to determine the relevance, probative value, or authenticity of the images at issue. Furthermore, a question exists in

---

[1] *See e.g.*, 2 McCormick on Evidence § 215 (6th ed.) ("A photograph that presents gruesome details, such as a crime scene or autopsy photos, or photos of persons with personal injuries, may be objected to as unfairly prejudicial but typically are admitted.") (citations omitted).

3

this Court's mind as to whether the introduction of the images (some of which appear graphically similar) should be limited to the extent that they are so cumulative that their probative value is diminished by their repetitive representations. Thus, should Plaintiff attempt to introduce one or more of the images set forth in Defendants' motion without offering the proper foundation for the authenticity and admissibility of each image, or in violation of any applicable Federal Rule of Evidence, including 403 or 901, Defendants should timely object and set forth the basis of their objection and the Court will rule on the objection at that time.

## 2. Motion in Limine to Preclude Improper "Reptile Theory" Tactics (Doc. 166)

Defendants request that the Court preclude Plaintiff's counsel from attempting to present "Reptile Theory" evidence or argument at trial, which is "based on the popular 2009 manual created for Plaintiff's attorneys across the nation." (Doc. 167, at 2).

Defendants' motion is premature. Without proper context and having heard the specific question and/or testimony at issue, the Court is unable to determine whether that question and/or testimony is objectionable.

The motion will therefore be denied without prejudice to the ability of Defendant to raise this issue by timely and specific objection on each occasion where they believe that testimony is being offered for an improper purpose.

### 3. Motion in Limine to Preclude Plaintiff, his Counsel, Witnesses and any Experts from Referring to Robert Green as a "Professional Driver" and Further Precluding those Individuals from Stating or Inferring that Robert Green or any Commercial Motor Vehicle Driver is Subject to an Increased or Higher Standard of Care (Doc. 176)

Defendants' next motion requests that the Court preclude any reference to Green as a "professional driver" or any statement or insinuation to suggest that Green or other commercial motor vehicle drivers are subject to an increased or higher standard of care than that of all motorists, i.e. that there is a professional standard of care for a driver of a tractor-trailer different from the standard of care applicable to other motorists. (Doc. 177, at 4). In support of this request, Defendants state that "it is expected that Plaintiff's counsel and his expert witnesses will refer to Robert Green as a 'professional driver' at trial, or otherwise will state, or insinuate that Mr. Green is to be held to a higher standard of care in driving a commercial motor vehicle." (*Id*. at 3).

Defendants argue that the use of the term "professional driver" "is misleading as a jury will think and believe that there is a professional standard of care for commercial motor vehicle drivers." (*Id*.). Plaintiff's brief in opposition to Defendants' motion fails to directly address Defendants' request that Plaintiff and his witnesses be precluded to referring to Green as a "professional driver." (*See* generally, Doc. 214). Rather, Plaintiff's brief only directly addresses the qualifications of commercial drivers and the applicable standard of care. Because the use of the word "professional" clearly connotes a particular standard of care, and therefore may mislead or confuse the jury, in addition to the fact that Plaintiff does not specifically appear to object to the preclusion of the use of the words "professional

5

driver", the Court will grant Defendants' motion on this point. Counsel and lay and expert witnesses may refer to "commercial motor vehicle drivers" or other appropriate variations of this term but shall avoid using the word "professional".[2]

The Court will reserve ruling on Defendants' request that Plaintiff's counsel and witnesses be precluded from stating or inferring that Green or any commercial motor vehicle driver is subject to an increased or higher standard of care. The Defendants will be expected to timely raise their objections, as they arise at trial, with respect to any attempts they believe Plaintiff is making to imply a higher standard of care is applicable to commercial motor vehicle drivers than to other motor vehicle drivers.

4. Conclusion

For the foregoing reasons, Defendants' Motions (Docs. 170, 166, 176) will be decided as set forth in this Memorandum Opinion. A separate Order follows.

Robert D. Mariani
United States District Judge

---

[2] This ruling is consistent with the Orders of other Courts which have precluded the use of the term "professional driver", albeit without opinion. See Burke v. TransAm Trucking, Inc., 3:06-cv-2090 (M.D. Pa. April 2, 2009); Barrett v. Federal Express Corp., 2:13-cv-2832 (E.D. Pa. Sept. 9, 2014).

6