THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JONATHAN BOTEY,

    Plaintiff

v.

ROBERT GREEN, et al.,

    Defendants

3:12-CV-1520
(JUDGE MARIANI)

FILED
SCRANTON
JUN - 9 2017

PER _____
DEPUTY CLERK

## MEMORANDUM OPINION

Presently before the Court is the Motion in Limine of Defendants "to preclude prejudicial remarks relating to punitive damages or mentioning punitive damages until Plaintiff has made a *prima facie* case has been made." (Doc. 162).

More specifically, the Defendants request that this Court:

- preclude the Plaintiff from referring to punitive damages in their opening statement;

- preclude the Plaintiff from referencing punitive damages or intentional, outrageous, reckless or willful conduct until the close of evidence[;]

- preclude the Plaintiff from claiming any specific amount of punitive damages before the jury; and

- preclude the Plaintiff from asking the jury to "send a message" or to act as "the conscience of the community" or engage in other similar appeals to economic or sectional biases and prejudices, or other improper factors that go beyond applying the law to the facts of the case.

(*Id.* at ¶ 11).

Defendants have filed a brief in support of their Motion in Limine. (Doc. 163). On review of the Brief, it must be observed that the brief is written as if to support a *post*-trial motion, i.e., it challenges the Plaintiff's entitlement to punitive damages on the basis that the evidence does not support such an award. This, along with other flaws, requires that the motion be denied in the main.

First, Defendants, citing *Burke v. Maassen*, 904 F.2d 178, 181 (3d Cir. 1990), and *Martin v. Johns-Manville Corp.*, 494 A.2d 1088 (Pa. 1985), argue "there has been no evidence that Mr. Green's, FFE's, or Conwell's behavior was even comparable to that of *Maassen*, as against whom the court failed to allow a punitive damages claim to proceed." (Doc. 163, at 5-6). *Maassen*, however, is a decision of the Court of Appeals issued after the District Court had entered judgment on a jury award of compensatory and punitive damages and the driver and employer thereafter sought judgment as a matter of law and a new trial. The decision for that reason is singularly unhelpful in addressing a pre-trial motion in limine, and the reference in Defendants' Brief to the Court failing to "allow a punitive damages claim to proceed" (*id.* at 5) is extremely misleading. Likewise, the decision in *Martin* was also issued post-trial, following a jury verdict.

Defendants then proceed to argue that the facts in this case cannot support an award of punitive damages and that, therefore, Plaintiff's counsel should not be allowed to "prejudice the jury in its determination of causation and compensatory damage issues by inflaming the jury with respect to requests for punitive damages, or to present any evidence

which relates solely to the claims of alleged punitive damages." (*Id.* at 7). Defendant argues, without citation to authority, that "Plaintiff should not be allowed to refer to punitive damages in an opening statement or argument on causation or compensatory damage issues and should not be permitted to claim or suggest any particular amount of punitive damages before the jury." (*Id.*). Instead, Defendants cite to *Pioneer Commercial Funding Corp. v. American Financial Mortgage Corp.*, 797 A.2d 269 (Pa. Super. 2002) (*Pioneer I*). Once again, this decision addressed the remarks of counsel throughout a trial after which a jury returned an award of punitive damages which was subsequently reversed by the Superior Court. However, the decision in *Pioneer* was reversed and remanded by the Pennsylvania Supreme Court in *Pioneer Commercial Funding Corp. v. American Financial Mortgage Corp.*, 855 A.2d 818 (2004) (*Pioneer II*), with instructions for entry of judgment for the appellee bank. This invalidation of the Superior Court's decision aside, the fact remains that the discussion of what the Superior Court termed to be the inappropriate remarks of counsel during the trial regarding the conduct of the Defendant in connection with the Plaintiff's claim for punitive damages focused on a record obviously already made in which Plaintiff's counsel "made allegations of criminal conduct, alleged cover-up and made other inflammatory statements." *Pioneer I*, 797 A.2d at 291.

In sum, Defendants ask this Court to make a determination prior to trial that no basis for the award of punitive damages exists and that, consequently, no reference by Plaintiff's counsel in his opening statement may be made to punitive damages. This the Court will not

do. While the Court will address any unprofessional, inflammatory and prejudicial characterizations by Plaintiff's counsel, there is nothing before this Court at this time to suggest that Plaintiff's counsel will engage in such behavior or to warrant an order prohibiting Plaintiff's counsel from making such statements where there is no indication that he will do so.

Next, Defendants assert "punitive damages are not recoverable for negligent conduct," citing *Hutchinson v. Luddy*, 870 A.2d 766 (Pa. 2005). Accordingly, Defendants argue that "the Plaintiff must be precluded from offering any evidence or making any statement referencing a claim for punitive damages." (Doc. 163, at 8). From this statement, Defendants assert "[b]ased on the foregoing, the Plaintiff must be precluded from offering any evidence or making any statement referencing a claim for punitive damages." (*Id.* at 9).

Defendants' description of the ruling in *Hutchison* is true, as far as it goes, but it does not go far enough. The Third Circuit in *Brand Marketing Group, LLC v. Intertek Testing Services, N.A., Inc.*, 801 F.3d 347 (3d Cir. 2015), provided a full explanation of the Pennsylvania Supreme Court's ruling in *Hutchison*:

> The Pennsylvania Supreme Court has held that punitive damages may be awarded in negligence cases if the plaintiff proves greater culpability than ordinary negligence at trial. *Ex Rel. Hutchison v. Luddy*, 582 Pa. 114, 870 A.2d 766, 773 (2005). In *Hutchison,* the court stated that while a showing of ordinary negligence cannot support a punitive damages award, "neither is there anything in law or logic to prevent the plaintiff in a case sounding in negligence from undertaking the additional burden of attempting to prove ... that the defendant's conduct not only was negligent but that the conduct was also outrageous," such that it warrants punitive damages. *Id.* at 772. "The penal and deterrent purpose served by ... punitive damages is furthered when

4

> the outrageous conduct occurs in a case sounding in negligence no less than when an intentional tort is at issue." *Id.*

*Id.* at 358.

Further, it has long been recognized in this Circuit that it is not inappropriate for a plaintiff to include in an opening statement that an element of its claim involves punitive damages. *See Zig Zag Spring Co. v. Comfort Spring Corp.*, 200 F.2d 901, 903 (3d Cir. 1953) ("Though punitive damages were not expressly claimed the complaint presented an adequate foundation for proof of malicious misappropriation by the defendants. From the introductory paragraph of the opening on behalf of the plaintiff that element was stressed. It was plaintiff's basic trial theory."). *See also, Niedland v. United States*, 338 F.2d 254 (3d Cir. 1964), where the Court observed:

> In *Zig Zag Spring Co. v. Comfort Spring Corp.*, it was held by this court that a failure to specifically plead punitive damages did not preclude recover since the plaintiff made it clear at the trial that punitive damages was his theory of recovery.

338 F.2d at 259.

Clearly, Defendants are in error when they argue that "Plaintiff must be precluded from offering any evidence or making any statement referencing a claim for punitive damages" (Doc. 163, at 9).

Defendants again, at page 9 of their brief in support of its Motion, argue that the Plaintiff "has not presented evidence of intentional, willful, wanton, or reckless conduct to support punitive damages." (*Id.* at 9). This is an argument that is premature and is

5

appropriate to be made in accordance with Federal Rule of Civil Procedure 50(a). But it is not an argument that can be properly addressed in a motion in limine prior to trial. As with any claim a plaintiff wishes to place before the jury, no unfair prejudice ensues if the plaintiff fails to present evidence to support such a claim.

Moreover, this Court has already denied the Defendants' Motion to Trifurcate this trial, with the third phase of the trial being devoted to punitive damages and the reasons for that denial, although they have application to this motion, will not be repeated here.

Finally, Defendants argue that Plaintiff should be precluded from asking the jury to "send a message," act as the "conscience of the community" or "otherwise make prejudicial remarks about the Defendants when said remarks would be inherently prejudicial because they, on their face, urge the jury to render its verdict based on "passion and prejudice." (Doc. 163, at 10).

The Court agrees with the Plaintiff that the Defendants' motion is premature. Nonetheless, the Court discerns in Plaintiff's brief in opposition to Defendants' Motion (Doc. 220) some intent to use language such as "send a message" or to suggest that the jury act as the "conscience of the community" on the basis that Plaintiff views punitive damages as fulfilling a larger societal role. The Court will not allow the Plaintiff to make prejudicial appeals to the members of the jury based on the Texas location of Defendants, FFE and Conwell, or the Tennessee residence of Defendant Green. Such statements are immaterial, parochial and irrelevant. That such information may be disclosed during the course of the

testimony does not provide Plaintiff's counsel with a license to foment prejudice and Plaintiff's counsel is directed to refrain from this kind of oratory in his opening and closing statements. With these admonitions, Defendants' Motion as to the use of language that appeals to regional prejudices, corporate antipathy or other biases that have no connection to the probative evidence in this case will be subject to objection and, if the objection is sustained, will be subject to reprimand of counsel in front of the jury. Thus, the Defendants' Motion as to the use of inflammatory remarks and appeals to passion will be denied without prejudice to being timely raised on objection during the course of opening statements, the presentation of evidence, and during closing statements.

A separate Order follows.

Robert D. Mariani
United States District Judge